1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/4/2010

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY - 4 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. JONES,<br><br>              Petitioner,<br><br>       vs.<br><br>T. BUSBY, Warden,<br><br>              Respondent. | Case No. CV 10-3293-VAP (RNB)<br><br>ORDER TO SHOW CAUSE |

On April 30, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to be directed to a judgment of conviction sustained by petitioner in Los Angeles County Superior Court on May 28, 2003, following petitioner's guilty plea to charges of attempted murder and robbery. The sole claim alleged in the Petition is that petitioner's counsel rendered ineffective assistance when he advised petitioner to admit the truth of a sentence enhancement allegation under Cal. Penal Code § 12022.53(c).

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.

1

1099 and 118 S. Ct. 1389 (1998).[1] 28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[1]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

2

1    Under California law in effect at the time of petitioner's conviction, an appeal
2    had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of
3    Court, former Rule 31(a).  Where the judgment of conviction was entered upon a
4    guilty plea, the defendant was required to file a notice of intended appeal within the
5    60-day period, accompanied by a statement "showing reasonable constitutional,
6    jurisdictional, or other grounds going to the legality of the proceedings"; the appeal
7    did not become operative unless and until the trial court executed and filed a
8    certificate of probable cause for appeal. See Cal. Rules of Court, former Rule 31(d);
9    see also Cal. Penal Code § 1275.  Consequently, "the date on which the judgment
10   became final by conclusion of direct review or the expiration of the time for seeking
11   such review" here was July 27, 2003, when petitioner's time to file an intended notice
12   of appeal expired.

13   From the face of the Petition, it does not appear that petitioner has any basis for
14   contending that he is entitled to a later trigger date under § 2244(b)(1)(B).  Petitioner
15   is not contending that he was impeded from filing his federal petition by
16   unconstitutional state action.  Nor does it appear that petitioner has any basis for
17   contending that he is entitled to a later trigger date under § 2244(b)(1)(C).  Petitioner
18   is not contending that his ineffective assistance of counsel claim is based on a federal
19   constitutional right that was initially recognized by the United States Supreme Court
20   subsequent to the date his conviction became final and that has been made
21   retroactively applicable to cases on collateral review.  Moreover, it is clear that
22   petitioner has no basis for contending that he is entitled to a later trigger date under
23   § 2244(b)(1)(D).  Petitioner was aware of the **factual** predicate of his ineffective
24   assistance of counsel claim as of the date he was convicted and sentenced. See Hasan
25   v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to
26   run when a prisoner "knows (or through diligence could discover) the important facts,
27   not when the prisoner recognizes their legal significance").
28   //

3

1    Thus, unless a basis for tolling the statute existed, petitioner's last day to file
2    his federal habeas petition was July 28, 2004, unless a basis for tolling the statute
3    existed. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No such
4    basis appears to exist here. The only collateral challenges reflected in the Petition
5    and attachments thereto are habeas petitions that petitioner filed in turn in Los
6    Angeles County Superior Court, the California Court of Appeal, and the California
7    Supreme Court. Petitioner would not be entitled to any statutory tolling for any of
8    those state habeas petitions, since the first of them was not filed until August 17,
9    2009, which was long after petitioner's federal filing deadline already had lapsed.
10   See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d)
11   "does not permit the reinitiation of the limitations period that has ended before the
12   state petition was filed," even if the state petition was timely filed), cert. denied, 540
13   U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v.
14   Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143
15   (2002).

16   The Ninth Circuit has held that the district court has the authority to raise the
17   statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
18   petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the
19   Rules Governing Section 2254 Cases in the United States District Courts, so long as
20   the court "provides the petitioner with adequate notice and an opportunity to
21   respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
22   260 F.3d 1039, 1042-43 (9th Cir. 2001).

23   IT THEREFORE IS ORDERED that, on or before **June 4, 2010**, petitioner
24   show cause in writing, if any he has, why the Court should not recommend that this
25   action be dismissed with prejudice on the ground of untimeliness. If petitioner
26   intends to rely on the equitable tolling doctrine, he will need to include with his
27   response to the Order to Show Cause a declaration under penalty of perjury stating
28   facts showing (1) that he has been pursuing his rights diligently; and (2) that "some

4

extraordinary circumstance stood in his way."  <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

DATED:  <u>May 3, 2010</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

5